MICHAEL R. CROSNER, ESQ. (SBN 41299)
mike@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
JAMIE SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
CHAD SAUNDERS, ESQ. (SBN 257810)
chad@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff
RODOLFO GUTIERREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO GUTIERREZ, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>      Defendant. | Case No.: 2:22-cv-08460-JFW-RAO<br><br>*Removed from Los Angeles Superior Court, Case No. 22STCV33066*<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff RODOLFO GUTIERREZ ("PLAINTIFF"), an individual on behalf of himself and all others similarly situated, hereby files this first amended class and collective action complaint against Defendant INTERNATIONAL PAPER COMPANY ("DEFENDANT"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1. DEFENDANT removed this action to this Court from the Superior Court of California, County of Los Angeles, on November 18, 2022, alleging that this Court has subject matter jurisdiction based on 28 U.S.C. sections 1331, 1332, 1367, 1441, 1446, 1453, 29 U.S.C §§ 185 *et seq*., 29 U.S.C. §§ 151-169, and 29 U.S.C. § 201, *et seq*. *See* ECF No. 1.

## THE PARTIES

2. PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California. PLAINTIFF was employed by DEFENDANT in the State of California as a non-exempt employee from in or around 1999 through on or about April 25, 2022.

3. PLAINTIFF worked for DEFENDANT as a corrugator and/or other similar title(s) at DEFENDANT'S paper manufacturing facility located in Carson, California.

4. DEFENDANT is a New York corporation that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California and nationwide.

5. DEFENDANT owns, operates, or otherwise manages a paper and packaging manufacturing and paper recycling business with manufacturing and recycling facilities located throughout the country, including but not limited to, multiple facilities in California where Class Members worked. PLAINTIFF regularly worked at DEFENDANT'S manufacturing facility located in Carson, California, during the relevant period.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## <u>CLASS ALLEGATIONS</u>

6.     PLAINTIFF brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees who worked either directly or via a staffing agency for DEFENDANT at any location in California at any time from July 1, 2021, to present ("Class Period").

a.  <u>Numerosity.</u> While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.

b.  <u>Common Questions of Law and Fact.</u> This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANT understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum wages, under California law; (2) whether DEFENDANT provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANT provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANT provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether

DEFENDANT timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANT failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANT violated California Business and Professions Code section 17200, *et seq*.

c. <u>Ascertainable Class.</u>  The proposed Class is ascertainable as members can be identified and located using information in DEFENDANT'S business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANT'S common practices regarding, *inter-alia*, failure to calculate and pay all owed wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. <u>Superiority.</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL AND LEGAL ALLEGATIONS

7. All of the factual and legal allegations alleged herein relate to Plaintiff's and Class Members' claims only during the Class Period.

8. During the Class Period, PLAINTIFF and each of the Class Members worked for DEFENDANT in the State of California. DEFENDANT exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

9. PLAINTIFF was employed by DEFENDANT as a non-exempt employee from in or about 1999 through on or about April 25, 2022. PLAINTIFF worked for DEFENDANT as a corrugator and/or similar title at DEFENDANT'S manufacturing facility in Carson, California, from in or around 1999 until on or about November 1, 2021, when PLAINTIFF went on leave. PLAINTIFF regularly worked at least eight (8) hours per day, at least five (5) days per week.

10. PLAINTIFF was a non-exempt employee who was paid on an hourly basis for time counted by DEFENDANT as hours worked.

11. **Unpaid Wages**. DEFENDANT failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment regular wages. DEFENDANT failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, DEFENDANT'S automatic deduction and time rounding policies, and failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise unlawful practices for missed or improper meal periods, as explained below.

12. Based on information and belief, DEFENDANT implemented a policy and/or practice of rounding meal period start and end times and/or automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members were subject to DEFENDANT'S control during purported meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and Class Members of all wages owed.

13. Based on information and belief, Class Members were not paid for all hours worked due to DEFENDANT'S policy and/or practice of paying according to scheduled hours worked instead of actual time worked, and/or mandated off-the clock work policies and/or practices. For example, based on information and belief, Class Members were required to be at their machines/respective workstations on the production line at their scheduled shift start time or face discipline. As such, PLAINTIFF typically arrived at work at least thirty minutes prior to his scheduled shift start time so that he could perform any required pre-shift work, including but not limited to, stow his personal items in the employee lockers/storage area, retrieve/compile his work tools, make any necessary adjustments to his tools and/or perform any required maintenance tasks, don work clothing/his uniform and protective equipment, and/or complete other work tasks so as to be ready to be on the line at his work station at his scheduled shift start time as mandated by DEFENDANT. Based on information and belief, other Class Members also were required to arrive at

work prior to their scheduled shift start times to perform pre-shift off-the-clock work, such as, but not limited to, stowing personal items in lockers/employee storage area, donning protective equipment, safety equipment and/or uniforms and/or work clothing/shoes, retrieving/compiling work tools, performing maintenance tasks, and/or completing other work tasks so as to be ready to work at their respective work stations at their scheduled shift start times. This pre-shift off-the-clock work was neither recorded nor compensated resulting in the substantial underpayment of wages owed to PLAINTIFF and other Class Members.

14.     Based on information and belief, PLAINTIFF and other Class Members were also required to perform post-shift off-the-clock work that was neither recorded nor compensated. For example, based on information and belief, PLAINTIFF put away his work tools and changed out of his work clothing/uniform and protective gear after clocking out for the end of his shift.

15.     Based on information and belief, PLAINTIFF and other Class Members were required to perform additional off-the-clock work for which they were not compensated. For example, based on information and belief, DEFENDANT did not compensate PLAINTIFF and other Class Members for time spent donning and doffing personal protective equipment, safety equipment and/or uniforms/work clothing (e.g., goggles/glasses, gloves, and/or face masks) during meal periods, before the start of a scheduled shift, and after completing a scheduled shift.

16.     Moreover, PLAINTIFF and other Class Members were required to perform other off-the-clock work for which they were not compensated. For example, at times PLAINTIFF and other Class Members clocked in and out for their shifts and meal periods using a computer. Prior to beginning a scheduled shift, PLAINTIFF and other Class Members were required to start and/or boot DEFENDANT'S computer system so as to have the system running at the start of the scheduled shift so they could clock in on time for their shift. It was only after this daily off-the-clock boot/start-up time that PLAINTIFF and other Class Members could then access the

software application required to clock in for the start of their shifts. As such, PLAINTIFF spent at least five (5) minutes before each scheduled shift starting and/or booting DEFENDANT'S computer system in order to clock in and begin his shift. This pre-shift work was off-the-clock and uncompensated resulting in unpaid wages. Based on information and belief, PLAINTIFF and other Class Members experienced the same issues when clocking back in for meal periods, resulting in additional off-the-clock work. This time spent under DEFENDANT'S control was not recorded and not compensated and resulted in unpaid wages.

17.     Additionally, PLAINTIFF and other Class Members were required to perform other off-the-clock work for which they were not compensated. For example, based on information and belief, DEFENDANT'S electronic employee time-keeping system at times malfunctioned such that Class Members were frequently required to either reinitiate the system prior to being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock back in from meal periods, resulting in consistent off-the-clock work and the underpayment of wages owed to Class Members. Based on information and belief, Class Members experienced the same issues when clocking out for shifts and/or back in for meal periods. This time spent under DEFENDANT'S control was not recorded and not compensated and resulted in unpaid wages.

18.     Based on information and belief, DEFENDANT failed to pay Class Members for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing various documents and policies provided by DEFEDANT. Based on information and belief, this work time was completed off-the-clock and was not compensated.

19.     Based on further information and belief, DEFENDANT implemented a time-rounding system that as applied systematically deprived PLAINTIFF and other Class Members of compensable time because the time-rounding system implemented

by DEFENDANT would almost always, if not always, result in understating actual compensable work time.

20.     DEFENDANT'S failure to pay for all time worked by virtue of its time rounding, auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of wages owed to PLAINTIFF and Class Members.

21.     Based on information and belief, DEFENDANT had actual and/or constructive knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the underpayment of wages owed to PLAINTIFF and other Class Members, in violation of California law.

22.     `**Meal Period Violations**. PLAINTIFF and other Class Members consistently worked shifts of at least five and one-half hours or more, entitling them to at least one meal period. However, PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first (and second) meal periods. Based on information and belief, Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all their meal periods due to understaffing, the nature and constraints of their job duties and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely. For example, on information and belief, PLAINTIFF was forced to take a late meal period at least three times per week due to the need to attend to running machinery, keep up with production deadlines and/or due to lack of relief workers available. On information and belief, on other occasions, PLAINTIFF would have to work through all or part of his meal period due to the need to attend to running machinery, keep up with production deadlines and/or due to lack of relief workers available.

23.     Based on information and belief, other Class Members were consistently suffered and permitted to take meal periods past the fifth hour of work and/or had their meal periods interrupted, cut short, restricted to DEFENDANT'S premises and/or otherwise on duty due to commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or the need to meet DEFENDANT'S goals and expectations.

24.     Based on information and belief, DEFENDANT implemented policies and/or practices that failed to relieve Class Members of all duties and DEFENDANT'S control during unpaid meal periods. For example, based on information and belief, DEFENDANT required PLAINTIFF and other Class Members to monitor walkie-talkies/radios for work-related communications and respond to work-related communications during purportedly off-duty meal periods. Based on further information and belief, Class Members' meal periods were at times interrupted with work-related communications during unpaid meal periods, resulting in meal periods violations as well as off-the-clock work and, thus the underpayment of wages owed to PLAINTIFF and Class Members.

25.     Based on information and belief, DEFENDANT required Class Members to complete off-the-clock work prior to their scheduled shift time which DEFENDANT failed to take into account when scheduling meal periods for Class Members. Based on information and belief, meal periods were late, in part due to unaccounted pre-shift off-the-clock work. For example, PLAINTIFF estimates that he was required to perform an average of thirty minutes of daily pre-shift off-the-clock work that was not compensated, recorded, nor considered when scheduling any meal periods, resulting in consistently late meal periods.

26.     Based on information and belief, despite DEFENDANT'S failure to provide lawful meal periods, DEFENDANT implemented a policy and/or practice of rounding the start and end times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at least thirty minutes per shift for missed

and/or otherwise unlawful meal periods despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive lawful meal periods.

27. Moreover, per DEFENDANT'S uniform policy and practice, Class Members who worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute second meal period. For example, PLAINTIFF often worked more than ten hours in a shift and on those occasions when PLAINTIFF worked more than ten hours in a shift, PLAINTIFF was not provided with a second meal period.

28. Based on information and belief, DEFENDANT failed to instruct PLAINTIFF and other Class Members as to the timing and duty-free nature of meal periods. Based on further information and belief, DEFENDANT did not have a compliant written meal period policy, nor did DEFENDANT have any sort of compliant policy in practice.

29. Moreover, based on information and belief, DEFENDANT failed to keep accurate records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based on information and belief, to the extent meal period were recorded, DEFENDANT illegally rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class Members not being paid for all time worked as well as late and/or shortened meal periods. *See Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

30. Based on information and belief, DEFENDANT had actual and/or constructive knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which were free of DEFENDANT'S control owed to PLAINTIFF and other Class Members, in violation of California's meal period laws.

31. DEFENDANT failed to pay PLAINTIFF and other Class Members, an additional hour of wages at their respective regular rates of compensation for each workday a lawful meal period was not provided. DEFENDANT either failed to pay a

meal period premium at all for each workday a lawful meal period was not provided and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses/incentive pay, shift differential pay and/or other non-discretionary compensation and/or multiple base rates of pay into the regular rate or compensation for purposes of calculating the owed meal period premium.

32. **Rest Period Violations**. DEFENDANT did not properly authorize and provide PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4) hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the work period, as required by law.

33. PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take proper rest periods per California law. Based on information and belief, DEFENDANT had no policy in place nor instruction as to the taking of duty-free rest periods.

34. Based on information and belief, DEFENDANT did not have a have a compliant written rest period policy, nor did DEFENDANT have any sort of compliant rest period policy in practice. For example, DEFENDANT typically only allowed for a single paid rest period per shift regardless of the number of hours worked and even the single purported rest period was typically on duty, worked through and/or otherwise noncompliant with California rest period law. PLAINTIFF estimates he was forced to take a shortened and/or interrupted rest period at least five (5) times per week due to the need to attend to running machinery, keep up with production deadlines and/or due to lack of relief workers available.

35. Based on information and belief, Class Members' rest periods were interrupted, cut short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest periods completely or otherwise take non-compliant rest periods.

36. Moreover, DEFENDANT failed to provide any form of a third rest period on shifts lasting longer than ten hours. For example, PLAINTIFF often worked shifts lasting longer than ten (10) hours and did not receive any form of a third rest period during those shifts exceeding ten hours.

37. Based on further information and belief, DEFENDANT implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and DEFENDANT'S control during rest periods.

38. Based on information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

39. Furthermore, DEFENDANT failed to pay a rest period premium for each day in which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of California law. DEFENDANT either failed to pay a rest period premium at all for each workday a proper rest period was not provided and/or failed to pay the proper rest period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of calculating the owed rest period premium.

40. **Inaccurate Wage Statements**. During the relevant period, DEFENDANT failed to provide PLAINTIFF and other Class Members with accurate wage statements that complied with Labor Code section 226. As DEFENDANT failed to provide PLAINTIFF and Class Members with meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANT issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

41.     DEFENDANT issued wage statements to PLAINTIFF and Class Members that also failed to indicate the earned gross and net wages earned during the pay period, the correct applicable rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices described above, including without limitation, pre-shift and post-shift off-the-clock work, described *supra*), which results in a violation of Labor Code section 226(a). DEFENDANT further failed to list the accurate total hours worked on wage statements issued to PLAINTIFF and other Class Members because of DEFENDANT'S practice of double counting regular and overtime hours listed on the wage statements resulting in an inaccurate listing of total hours worked on the wage statements, in violation of, including but not limited to, Labor Code 226(a)(2). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226. *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1337 (2018).

42.     Based on information and belief, wage statements issued by DEFENDANT to PLAINTIFF and other Class Members failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).  For example, DEFENDANT'S wage statements issued to PLAINTIFF do not provide an accurate overtime rate because instead of multiplying the regular rate of pay by one and one-half, the wage statements provide at least two separate overtime rate categories with each providing an inaccurate overtime rate based on each base rate of pay as opposed to the regular rate of pay. Additionally, other wage statements issued by DEFENDANT to PLAINTIFF are inaccurate because they do not list an overtime rate of pay of 1.5 times the regular rate of pay and instead provide a

"premium rate" that is half the base rate. In both instances, PLAINTIFF and other Class Members are forced to perform extensive calculation using outside resources to determine what their pay rate was for each corresponding hour worked. *See, e.g.*, *McKenzie v. Fedex*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011).

43. DEFENDANT also failed to incorporate all forms of non-discretionary compensation earned during the pay period, including but not limited to, non-discretionary bonus/incentive pay and/or shift differential pay and/or other non-discretionary compensation and/or multiple base rates of pay into the overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members. Moreover, based on information and belief, DEFENDANT issued wage statements to PLAINTIFF and Class Members that further violate Labor Code section 226(a), by among other things, failing to list the correct name and/or address of the legal entity that is the employer. For example, based on information and belief, DEFENDANT issued wage statements to PLAINTIFF and other Class Members that identify "International Paper" as the employer. However, various documents contained in PLAINTIFF's personnel file, including without limitation, privacy policy and/or other employment policies, identify the following entity as the employer: "International Paper Company." Moreover, based on information and belief, DEFENDANT'S paper manufacturing/processing plants, at times, during the relevant period, operated and/or operates under the name Sylvamo. Based on information and belief, wage statements issued by DEFENDANT to PLAINTIFF and other Class Members were inaccurate due to failure to list the correct name and/or address of the legal entity that is the employer.

44. As a result, DEFENDANT issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANT violated Labor Code section 226.

45. **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on information and belief, DEFENDANT failed to timely pay Class Members all wages that were due and owing upon termination or resignation. Based on information and belief, DEFENDANT untimely provided final wages to Class Members without regard to the timing requirements of Labor Code sections 201-202.

46. Upon separation of employment, Class Members' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all wages owed as they were devoid of, including but not limited to, all owed wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates. For example, upon the separation of PLAINTIFF's employment, PLAINTIFF was not provided with his owed vacation pay.

47. These violations subject DEFENDANT to statutory penalties under Labor Code section 203, 210, and/or 256.

48. **Unreimbursed Business Expenses**. Based on information and belief, DEFENDANT required PLAINTIFF and Class Members to incur business expenses as a direct consequence of the performance of their job duties without providing reimbursement, in violation of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer.

49. Based on information and belief, DEFENDANT shifted the costs of doing business onto Class Members by requiring them to pay for business expenses, including but not limited to, uniforms and/or the use of Class Members' personal mobile phone and data usage for work related purposes including but not limited to receiving and responding to work related messages and/or phone calls.

50. For example, at times, PLAINTIFF received work-related calls and/or messages to his personal mobile phone from his supervisor regarding scheduling

and/or work tasks but was not reimbursed in any way for being required to use his personal phone for work-related purposes. Based on information and belief, Class Members were not reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work uniforms/clothing, protective equipment and/or safety gear. For example, DEFENDANT required PLAINTIFF and other Class Members to wear Covid protective face masks, however, DEFENDANT did not supply an adequate amount of face masks and/or did not reimburse PLAINTIFF and other Class Members for the face masks they had to purchase and/or maintain in fulfilling DEFENDANT'S masking requirements. By way of additional example, PLAINTIFF was also required to purchase steel-toed boots for work without receiving any reimbursement from DEFENDANT. Based on information and belief, other Class Members were also required to purchase and/or maintain work uniforms/clothing, including but not limited to, steel-toed shoes/boots, goggles/glasses, and/or gloves.

51.     Based on information and belief, DEFENDANT also failed to reimburse PLAINTIFF and other Class Members for the cost of purchasing their own work tools. For example, PLAINTIFF was required to purchase his own knife blades and/or other hand tools necessary to perform the duties of his job. PLAINTIFF estimates he had to spend at least $15 per month on knife blades and/or other work tools without being provided any reimbursement from DEFENDANT. Based on information and belief, DEFENDANT has a policy and/or practice of failing to reimburse other Class Members for the cost of purchasing and/or maintaining work tools.

52.     Based on information and belief, DEFENDANT regularly failed to reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANT'S orders and/or carrying out the duties assigned by DEFENDANT.

53.    DEFENDANT'S failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

54.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANT engaged in these same herein described unlawful practices and that DEFENDANT applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Minimum Wages and Liquidated Damages
### (By PLAINTIFF and the Class Members Against DEFENDANT)

55.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

56.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.  Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

57.    DEFENDANT violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things, DEFENDANT'S time rounding, automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked (described above), which resulted in the failure to account for all hours worked and thus the denial of minimum wages.

58.     DEFENDANT had and continues to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

59.     Based on information and belief, DEFENDANT had actual or constructive knowledge that its time-rounding policies and practices, auto-deduction policies and practices for meal periods, failure to relieve employees of all duties and employer control during unpaid meal periods, policy and practice of payment according to scheduled work time rather than actual work time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

60.     Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (By PLAINTIFF and the Class Members Against DEFENDANT)

61.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

62.     Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANT was required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders

have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

63.     Employers must pay employees an additional hour of wages at the employees' regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, first meal period provided after five (5) hours, second meal period provided after 10 hours). Lab. Code § 226.7.

64.     As explained above, PLAINTIFF and other Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all of their meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

65.     Based on information and belief, DEFENDANT had and continues to have a policy of rounding the start and end times of employees' meal periods and/or automatically deducting thirty minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class Members did not receive compliant meal periods.

66.     Moreover, based on information and belief, Class Members did not receive a timely, uninterrupted second meal period when working shifts over ten (10) hours in a workday.

67.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANT had actual and/or constructive knowledge that its time-rounding and auto-deduction policies and practices, other unlawful policies and practices resulted in the denial of compliant meal periods in violation of California's meal period laws.

68.     DEFENDANT also failed to pay premiums for missed/otherwise unlawful meal periods in violation of California law and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift differential pay and/or multiple base pay

rates and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

69.     As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members are entitled to one additional hour's pay at the employee's regular rate of compensation for each day a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs, all in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
### Failure to Provide Rest Periods or Compensation in Lieu Thereof
### (By PLAINTIFF and the Class Members Against DEFENDANT)

70.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

71.     Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029). The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, 5 Cal. 5th 257 (2016).

72.     If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

73.     PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction

thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANT'S control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

74. Based on information and belief, DEFENDANT implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods. Based on further information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

75. As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, or third rest periods as required by California law.

76. Moreover, based on information and belief, DEFENDANT failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. Based on further information and belief, when a rest premium was paid, DEFENDANT failed to include non-discretionary compensation including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of determining the owed rest period premium.

77. DEFENDANT are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, and attorneys' fees and costs, all in an amount to be proved at trial.

# FOURTH CAUSE OF ACTION
## Failure to Furnish Accurate Itemized Wage Statements
## (By PLAINTIFF and the Class Members Against DEFENDANT)

78.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

79.     Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

80.     As DEFENDANT failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANT issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

81.     Moreover, due to violations detailed above, including but not limited to, DEFENDANT'S failure to pay wages for all hours worked, failure to provide meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANT has violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked. Based on information and belief, DEFENDANT failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating the owed overtime rate, and as such, failed to include the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

82.     As explained above, DEFENDANT'S wage statements failed to provide an accurate overtime rate of pay due to failure to list an overtime rate that is one and one half times the regular rate of pay and/or because the listed overtime rate did not incorporate all base rates of pay into the regular pay rate used to determine the listed overtime rate, forcing Class Members to perform extensive calculation using outside resources to determine what their pay rate was for each corresponding hour worked. See, e.g., *McKenzie v. Fedex*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011).

83.     As explained above, wage statements issued by DEFENDANT failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226.

84.     Separately, and independent from the above allegations, DEFENDANT issued wage statements to PLAINTIFF and Class Members that violate Labor Code

section 226(a)(8), by failing to list the correct name and/or address of the legal entity that is the employer.

85. DEFENDANT'S failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

86. As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

87. DEFENDANT'S knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

88. As a result of DEFENDANT'S unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANT'S unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANT'S conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

89. Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

90.     Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANT'S compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANT continues to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANT'S ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANT'S compliance with California Labor Code § 226(a).

91.     Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay All Wages Due Upon Separation of Employment
### (By PLAINTIFF and the Class Members Against DEFENDANT)

92.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

93.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

94.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

95.     Based in information and belief, DEFENDANT failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks

once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

96.     Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANT are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

**SIXTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against DEFENDANT)**

97.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

98.     California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

99.     As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer, including but not limited to, cell phones, tools, uniforms, and safety/protective equipment/gear.

100.    DEFENDANT'S failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

101. As a result of DEFENDANT'S unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

102. Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**

**Collective Action Claim – Fair Labor Standards Act, 29 U.S.C. section 206, 216 (By PLAINTIFF and the FLSA Class Against DEFENDANT)**

103. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

104. PLAINTIFF brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

105. PLAINTIFF brings this FLSA claim on behalf of himself, and all similarly situated individuals employed by DEFENDANT as non-exempt employees in the United States at any time within three years prior to the filing of the initial complaint ("FLSA Class").

106. PLAINTIFF and the FLSA Class are or were employed by DEFENDANT within the meaning of the FLSA.

107. At all relevant times, DEFENDANT was an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. section 203 and grossed more than $500,000 in each of the last three calendar years.

108. PLAINTIFF previously filed PLAINTIFF's consent to sue pursuant to section 16(b) of the FLSA, 29 U.S.C. sections 216(b) and 256. Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

109.  The FLSA requires each covered employer, such as DEFENDANT, to compensate all non-exempt employees for all hours worked and overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

110.  In violation of 29 U.S.C. section 206, DEFENDANT failed to compensate PLAINTIFF and the FLSA Class members minimum wage for all hours worked by virtue of DEFENDANT'S time rounding and mandated off-the-clock work policies and practices, including but not limited to, pre-shift off-the-clock work in the form of stowing personal items in employee lockers/storage area, retrieving/compiling work tools, making any necessary adjustments to tools and/or performing any required maintenance tasks, donning protective equipment, safety equipment and/or uniforms/work clothing/shoes and/or completing other assigned off-the-clock work tasks so that the FLSA Class members were at their respective workstations at their scheduled shift start times as mandated by DEFENDANT; in addition, off-the-clock work in the form of donning and doffing protective equipment, safety equipment and/or uniforms and/or work clothing/shoes during meal periods, rest periods, and/or after completing a scheduled shift, as well as other off-the-clock work during unpaid meal periods, time spent under DEFENDANT'S control booting up/logging into DEFENDANT'S electronic time-keeping system and/or accessing and/or reinitiating the system, and time spent reviewing DEFENDANT'S policies/completing required training, orientation, and/or the onboarding process as well as completing other assigned work tasks while off the clock.

111.  DEFENDANT failed to make a good faith effort to comply with the FLSA as it relates to the compensation of PLAINTIFF and members of the FLSA Class. DEFENDANT knew PLAINTIFF and members of the FLSA Class worked without proper compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

112.  PLAINTIFF on behalf of himself and the FLSA Class, seeks damages in

the amount of the unpaid minimum wages, liquidated damages as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

113. PLAINTIFF, on behalf of himself and the FLSA Class, also seeks recovery of attorney's fees and costs of suit incurred as provided by the FLSA, 29 U.S.C. section 216(b).

**<u>EIGHTH CAUSE OF ACTION</u>**
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against DEFENDANT)**

114. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

115. DEFENDANT'S unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200, *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANT'S failure to pay all owed wages by virtue of its illegal policies and practices; DEFENDANT'S failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANT'S failure to furnish complete and accurate itemized wage statements; DEFENDANT'S failure to reimburse business expenses; DEFENDANT'S failure to timely pay all wages owed upon separation of employment; and DEFENDANT'S failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANT'S failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANT'S time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

116. Due to DEFENDANT'S unfair and unlawful business practices in violation of the California Labor Code, Wage Orders, and FLSA, DEFENDANT has gained a competitive advantage over other comparable companies doing business in

the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed wages and to pay all wages due upon separation of employment of their employees.

117. As a result of DEFENDANT'S unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq*., PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANT failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

118. PLAINTIFF also seeks an injunction against DEFENDANT on behalf of the Class Members, enjoining DEFENDANT and any and all persons acting in concert with DEFENDANT from engaging in each of the unlawful practices and policies set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of himself and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANT to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANT has engaged in unfair competition in violation of section 17200, *et seq*., of the California Business and Professions Code;

9. For an order enjoining DEFENDANT from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For an order certifying the seventh cause of action of this Complaint as a collective action under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. section 216(b) to all members of the FLSA Class with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. section 216(b).

12. For attorney's fees and costs reasonably incurred; and

13. For such other and further relief that the Court deems just and proper.

Dated: January 27, 2023      **CROSNER LEGAL, PC**

By: _/s/ Chad Saunders_
     Michael R. Crosner, Esq.
     Zachary M. Crosner, Esq.
     Jamie Serb, Esq.
     Chad Saunders, Esq.
     Attorneys for Plaintiff,
     RODOLFO GUTIERREZ

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated: January 27, 2023      **CROSNER LEGAL, PC**

By: _/s/ Chad Saunders_
     Michael R. Crosner, Esq.
     Zachary M. Crosner, Esq.
     Jamie Serb, Esq.
     Chad Saunders, Esq.
     Attorneys for Plaintiff,
     RODOLFO GUTIERREZ