MICHAEL CROSNER (SBN 41299)
mike@crosnerlegal.com
ZACHARY CROSNER (SBN 272295)
zach@crosnerlegal.com
JAMIE SERB (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE (SBN 273156)
bbrouillette@crosnerlegal.com
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel.  (310) 496-5818
Fac. (310) 510-6429

Attorneys for Plaintiff RODOLFO GUTIERREZ
As an individual on behalf of himself and
on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO GUTIERREZ, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>        Defendant. | Case No.: 2:22-cv-08460-JFW-RAO<br><br>**PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  March 20, 2023<br>Time: 1:30 p.m.<br>Ctrm: 7A |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODOLFO GUTIERREZ, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>        Defendant. | Case No.: 2:22-cv-08460-JFW-RAO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  March 20, 2023<br>Time: 1:30 p.m.<br>Ctrm: 7A |

## ORDER DENYING DEFENDANT'S MOTION DISMISS

On February 10, 2023, Defendant International Paper Company ("Defendant" or "IP") filed a Motion to Dismiss Plaintiff Rodolfo Gutierrez's ("Plaintiff") First Amended Complaint ("Motion"). IP moves to dismiss Plaintiff's seventh cause of action for alleged violations of the Fair Labor Standards Act ("FLSA") pursuant to Federal Rule of Civil Procedure 12(b)(2) on grounds that this Court does not possess specific personal jurisdiction to adjudicate the FLSA claims of opt-in plaintiffs bearing no connection to IP's actions in the California forum. IP also moves to dismiss Plaintiff's first through third, and sixth causes of action under the California Labor Code for alleged meal and rest break, off-the-clock work, and expense reimbursement violations on the grounds that they require interpretation of a controlling Collective Bargaining Agreement ("CBA") and are thus preempted by the Labor Management Relations Act ("LMRA"). IP moves to dismiss Plaintiff's derivative Labor Code claims for wage statement violations (Plaintiff's fourth cause of action), waiting time penalties (Plaintiff's fifth cause of action) and unfair competition (Plaintiff's eighth cause of action) to the extent they rely on the preempted claims. On February 27, 2022, Plaintiff filed his Opposition. On March 6, 2023, IP filed its Reply. After considering the moving, opposing, and reply papers, the Court rules as follows:

## I.    FACTUAL BACKGROUND

Plaintiff filed this case in the Superior Court of the State of California, County of Los Angeles, on October 7, 2022 against Defendants IP and Sylvamo North America, LLC ("Sylvamo"). [Dkt. 1, Ex. A.] On November 18, 2022, Defendants removed the action to this Court pursuant to 28 U.S.C. sections 1331, 1332, 1367, 1441, 1446, 1453, 29 U.S.C. §151-169, and 29 U.S.C § 201 et seq. [Dkt. 1.] The Parties met and conferred in person regarding Plaintiff's complaint, after which Plaintiff agreed to amend his complaint to remove Plaintiff's state law and FLSA overtime claims, to redefine the class period to include only those claims accruing between July 1, 2021 through the present, and to clarify certain factual

allegations. [Dkt. 26.] On January 27, 2023, a Plaintiff filed a First Amended
Complaint ("FAC") with the agreed upon changes. [Dkt. 28.]

Plaintiff's FAC includes eight causes of action for: (1) unpaid minimum
wages in violation of California Labor Code §§ 1194, 1197 and the applicable
Industrial Welfare Commission ("IWC") Wage Orders; (2) failure to provide meal
periods or compensation in lieu therof in violation of Labor Code §§ 226.7(a) and
512, and the applicable IWC Wage Orders; (3) failure to provide rest periods or
compensation in lieu thereof in violation of Labor Code §§ 226.7(a) and the
applicable IWC Wage Orders; (4) failure to furnish accurate itemized wage
statements in violation of Labor Code § 226(a); (5) failure to timely pay all wages
due upon separation of employment in violation of Labor Code §§ 201 and 202; (6)
failure to reimburse business expenses in violation of  Labor Code §  2802
applicable IWC Wage Orders; (7) failure to pay minimum wages for all hours
worked in violation of the Fair Labor Standards Act, 29 U.S.C. §§  206, 216; and
(8) unfair competition in violation of California Business & Professions Code §§
17200, et seq. [Dkt. 28]. Plaintiff's first through sixth, and eighth causes of action
are brought on behalf of the CA Class. [*Id.*] Plaintiff's seventh cause of action is
brought on behalf of the FLSA Class. [*Id.*]

## II.    APPLICABLE LEGAL STANDARDS

### A. Dismissal under Rule 12(b)(1)

Defendant's Notice of Motion and Motion seeks dismissal under Rule 12(b)(1)
for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1)
authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction.
"Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they
are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut.
Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) jurisdictional
challenges can be either facial or factual. *Safe Air For Everyone v. Meyer*, 373 F.3d

2

1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction
on the face of the complaint, the court assumes the factual allegations in the complaint
are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557
F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)*, and *Ashcroft v. Iqbal*, 556 U.S. 662,
129 S. Ct. 1937 (2009) apply with equal force to Article III standing when it is being
challenged on the face of the complaint. *Terenkian v. Republic of Iraq*, 694 F.3d 1122,
1131 (9th Cir. 2012) (applying *Iqbal*). Thus, in terms of Article III standing, the
complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
at 570).

### B.  Dismissal under Rule 12(b)(2)

Defendant's Motion fails to seek dismissal pursuant to Rule 12(b)(2), in which a
defendant may move to dismiss for lack of personal jurisdiction. However, Defendant
nonetheless argues that the court lacks personal jurisdiction.  "The general rule is that
personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute
and if the exercise of that jurisdiction does not violate federal due process." *Pebble
Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006) (citing *Fireman's Fund
Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996)). Because
California's long-arm statute is coextensive with federal due process requirements, the
personal jurisdiction analysis under state and federal law are the same. *See* Cal. Civ.
Proc. Code § 410.10; *see also Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir.
1991). For a court to exercise personal jurisdiction over a nonresident defendant, the
defendant must have "minimum contacts" with the forum state such that the exercise of
jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l
Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

### C.  Dismissal under Rule 12(b)(6)

Rule 12(b)(6) provides grounds for a motion to dismiss based on a complaint's

1   failure to state a claim upon which relief can be granted. Pursuant to *Bell Atlantic Corp.*
2   *v.Twombly*, 550 U.S. 554, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a
3   complaint must contain sufficient factual matter … to 'state a claim to relief that is
4   plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citation omitted). To be facially plausible,
5   a complaint must contain enough detail to allow the court to "draw a reasonable
6   inference that the defendant is liable for the misconduct alleged." *Id.* Ultimately, a
7   plaintiff is required only to "give [Defendant] fair notice of what … the claim is and the
8   grounds upon which it rests." FED. R. CIV. P. 8; *Erickson v. Pardus,* 551 U.S. 89, 93
9   (2007). In considering a motion brought under Rule 12(b)(6), the Court must "accept as
10  true all of the factual allegations set out in plaintiff's complaint, draw inferences from
11  those allegations in the light most favorable to plaintiff, and construe the complaint
12  liberally." *Zadrozny v. Bank of N.Y. Mellon,* 720 F.3d 1163, 1167 (9th Cir.2013).

13          **D. Striking under Rule 12(f)**

14          "Rule 12(f) allows a court to 'strike from a pleading an insufficient defense or any
15  redundant, immaterial, impertinent, or scandalous matter.'" *Armstead v. City of Los*
16  *Angeles*, 66 F. Supp. 3d 1254, 1271 (C.D. Cal. 2014) (quoting Fed. R. Civ. P. **12(f)**).
17  Immaterial matter is that which has no bearing on the claims for relief or the
18  defenses being pled. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th
19  Cir. 2010). Impertinent matter consists of statements that do not pertain, and are not
20  necessary, to the issues in question. *Id.* In considering a motion to strike, the court
21  views the pleadings in the light most favorable to the non-moving party. *See In re*
22  *2TheMart.com Secs. Liti*g., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

23          The Ninth Circuit applies "the 'fair notice' standard, and not the heightened
24  pleading standard identified by *Twombly* and *Iqbal*, when evaluating motions to strike
25  affirmative defenses." *Staggs v. Doctor's Hosp. of Manteca*, 2016 U.S. Dist. LEXIS
26  70069, 2016 WL 3027742, at *1 (E.D. Cal. May 26, 2016) (citing *Kohler v. Flava*
27  *Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). "A motion to strike under Rule
28  12(f) should be denied unless it can be shown that no evidence in support of the

allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

## III.    DISCUSSION

### A. <u>Opt-In Plaintiffs Are Not Before the Court and Any Determination Regarding Specific Jurisdiction Is Premature</u>

Plaintiff first argues that as a threshold issue, until FLSA Class members affirmatively opt-in to this action, they are not part of the suit. See 29 U.S.C. § 216(b). The Court agrees. At the pleading stage, when no out-of-state FLSA Class members have opted-in, the existence of any claims by such plaintiffs is purely theoretical. The question of whether the Court has jurisdiction over these individuals, who may never elect to join the case in the first place, is therefore not ripe for the Court's consideration. "Indeed, numerous other courts [have] reached the same conclusions—it is premature to decide personal jurisdiction over putative class members before any such members attempt to join the action." *Parker v. Perdue Farms, Inc.*, No. 5:22-cv-00268-TES, 2022 U.S. Dist. LEXIS 222730, at *8 (M.D. Ga. Dec. 8, 2022) (collecting cases); *Chernus v. Logitech, Inc.*, No. 17-673(FLW), 2018 U.S. Dist. LEXIS 70784, at *21 (D.N.J. Apr. 27, 2018) ("[B]ecause the class members are not yet parties in this case—and they may not be—absent class certification, I need not analyze specific jurisdiction with respect to their claims."); *Gasser v. Kiss My Face, LLC,* No. 17-cv-01675-JSC, 2018 U.S. Dist. LEXIS 162165, at *6 (N.D. Cal. Sep. 21, 2018) ("[A]t this stage of the litigation … the issue of whether Plaintiffs can and/or should represent consumers outside of … California is an issue to be raised at class certification."); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) ("Given the unsettled nature of the law following Bristol-Myers, the Court will defer on this question until the plaintiff brings a motion for class certification, if he chooses to do so.").

Accordingly, until the Court has conditionally certified the FLSA Class as a collective action, that includes out-of-state opt-in plaintiffs, "there is no justiciable

5

controversy between [the defendant] and the unnamed putative class members." *Larsen
v. Citibank FSB (In re Checking Account Overdraft Litig.)*, 780 F.3d 1031, 1037 (11th
Cir. 2015) "Furthermore, because the unnamed putative class members are not yet
before the court, any claims that they might have against [the defendant] necessarily
exist only by hypothesis." *Id.* Consequently, any ruling on whether the Court may
exercise personal jurisdiction over these "hypothetical claims by future" potential FLSA
Class members would constitute "an impermissible advisory opinion." *Id.* (internal
quotation marks omitted).

### B. Bristol-Myers Does Not Apply to FLSA Claims

The Parties disagree as to whether *Bristol-Myers* is applicable. Notably, the Ninth
Circuit has not addressed whether *Bristol Myers* applies to FLSA actions, and the
federal courts of appeal are split. That said, "[t]hough there may be disagreement within
other circuits with regard to whether [*Bristol Myers*] applies to FLSA collective actions,
***district courts within the Ninth Circuit have consistently agreed that such application
does not exist***." *Seiffert v. Qwest Corp.*, No. CV-18-70-GF-BMM, 2019 U.S. Dist.
LEXIS 28658, at *10 (D. Mont. Feb. 22, 2019) (emphasis added); *Arends v. Select Med.
Corp.,* No. CV 20-11381 TJH (AGRx), 2021 U.S. Dist. LEXIS 190231, at *4 (C.D. Cal.
July 7, 2021) ("***This Court will follow the thirteen other districts that have held that
Bristol-Myers does not apply to FLSA actions***.")(emphasis added); *Pavloff v. Cardinal
Logistics Mgmt. Corp.*, No. CV 20-00363 PA (KKx), 2020 U.S. Dist. LEXIS 222893, at
*13 n.2 (C.D. Cal. Oct. 2, 2020) (emphasis added) ("***The Court, following other federal
courts in California, finds that Bristol-Myers does not apply to FLSA claims brought
in federal court***.")(emphasis added); *Cooley v. Air Methods Corp.*, No. CV-19-00850-
PHX-DLR, 2020 U.S. Dist. LEXIS 177139, at *9 (D. Ariz. Sep. 25, 2020) (emphasis
added) ("***Bristol-Myers does not apply in the FLSA collective action context; its
application would eviscerate FLSA collective actions and thwart Congressional
intent***.")(emphasis added); *Chavez v. Stellar Managment Grp. VII, LLC*, No. 19-cv-
01353-JCS, 2020 U.S. Dist. LEXIS 140210, at *21 (N.D. Cal. Aug. 5, 2020) ("Because

1    this Court holds that Bristol-Myers does not apply to federal courts and federal laws, it

2    joins the list of courts following Swamy and holds that Bristol-Myers does not apply to

3    FLSA claims brought in federal court."); *Swamy v. Title Source, Inc.*, No. C 17-01175

4    WHA, 2017 U.S. Dist. LEXIS 186535, at *5 (N.D. Cal. Nov. 10, 2017) ("Unlike the

5    claims at issue in Bristol-Myers, [FLSA claims were] created by Congress specifically

6    to address employment practices nationwide."). Moreover, district courts outside of the

7    Ninth Circuit largely agree that BMS does not apply to FLSA actions. *See e.g. Knotts v.*

8    *Nissan N. Am., Inc.*, 346 F. Supp. 3d 1311, 1332-33 (D. Minn. 2018) ***("[M]ost of the***

9    ***courts that have encountered this issue have found that Bristol-Myers does not apply***

10    ***in the federal class action context****. District courts in California, Louisiana, Florida,

11    Georgia, Virginia, Texas, the District of Columbia, and even Illinois have concluded

12    that there are valid reasons for limiting [Bristol-Myers] to named parties—particularly

13    due to the material distinctions between mass tort actions and class actions. . .

14    .")(emphasis added)(internal citations omitted).

15        As these cases show, the overwhelming trend of authority, firmly adopted by

16    Courts within the Ninth Circuit and the Central District, is against applying Bristol-

17    Myers to FLSA nationwide actions as doing so would "would essentially eviscerate the

18    ["FLSA's"] purpose." *Cooley*, 2020 U.S. Dist. LEXIS 177139 at *9.  Defendant has

19    failed to put forth any reason for this Court to waiver from this growing trend and take a

20    position adopted by a minority of Court's outside the Ninth Circuit and this district.

21    **C. <u>Fed. R. Civ. P. Rule 4(k) Does Not Apply</u>**

22        Defendant contends this Court should be guided by Fed. R. Civ. P. Rule 4(k) to

23    determine whether the Court has specific jurisdiction over claims that could be brought

24    by out of state opt-in plaintiffs.  But as Plaintiff correctly argues, Rule 4(k) only serves

25    to ***implement*** jurisdiction, not to limit the reach of the Court's jurisdiction.  *See Miss.*

26    *Publ'g Corp. v. Murphree*, 326 U.S. 438, 445, 66 S. Ct. 242, 90 L. Ed. 185 (1946)

27    ("Rule [4(k)(1)(A)] serves only to implement the jurisdiction . . . Congress has

28    conferred, by providing a procedure by which the defendant may be brought into court

1   at the place where Congress has declared that the suit may be maintained.")  Moreover,

2   Rule 82, titled "Jurisdiction and Venue Unaffected" specifically provides "[t]hese rules

3   do not extend or limit the jurisdiction of the district courts."  Fed. R. Civ. P. Rule 82

4       The Court in *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 93 (1st Cir.

5   2022) rejected this same argument after an extensive and in depth textual analysis of

6   Rule 4(k)(1), first noting that Defendant's "argument depends on the contention that

7   Rule 4(k)(1) governs not just service of a summons, but also limits a federal court's

8   jurisdiction after the summons is properly served." *Id*. "Rule 4 is limited to setting forth

9   various requirements for effectively serving a summons on a defendant in federal court,

10  thereby establishing personal jurisdiction over the defendant." *Id*. "Indeed, Rule 4's title,

11  'Summons,' suggests that it is concerned only with service. The notes accompanying the

12  committee's 1993 amendment to Rule 4 reveal that the title was changed from 'Process'

13  to 'Summons' to show that the rule's requirements 'applie[d] only to that form of legal

14  process.'" *Id*. (citing Amendments to Fed. R. Civ. P. 4, 146 F.R.D. 401, 559 (1993)).

15  After further reasoning the Court concluded that:

16          We see no textual basis in Rule 4 for concluding that the district court's
            exercise of jurisdiction over the opt-in claims would be improper when
17          'there is no dispute the named plaintiff properly served [D&Z]' by serving
18          a summons in accord with Rule 4(c).

19
20  *Id*.  Accordingly, this Court agrees with the Court in *Waters* and rejects Defendant's

21  argument that 4(k) imposes limits on this Court's jurisdiction over the potential claims of

22  opt-in FLSA class members.

23          **D. Plaintiff's Claims Are Not Preempted by § 301 of the LMRA**

24          Defendant argues that because Plaintiff's employment was governed by a

25  CBA, each of claims are completely preempted by § 301 of the LMRA. "Section

26  301 governs claims founded directly on rights created by collective bargaining

27  agreements, and also claims 'substantially dependent on analysis of a collective

28  bargaining agreement." *Caterpillar v. Williams* (1987) 482 U.S. 386, 394; *see also*

*Sciborski v. Pac. Bell Directory* (2012) 205 Cal. App. 4th 1152, 1164. However, the mere consultation or reference to a CBA is not enough to invoke this preemption; preemption only results if resolution of the state-law claim requires the court to interpret the CBA. *Livadas v. Bradshaw* (1994) 512 U.S. 107, 123.

"Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985)). "[T]he Supreme Court has stressed that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'" *Curtis*, 913 F.3d at 1152. "For this reason, [s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA. *Id.* at 1152 (quoting *Alaska Airlines v. Schurke*, 898 F.3d 904, 919-20 (9th Cir. 2018) (en banc)).

Courts apply a two-part test to determine whether claims are preempted and, thus, whether federal jurisdiction lies:

> [F]irst, an inquiry [must occur] into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there. . . . If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective bargaining agreement.' If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

*Burnside* v. Kiewit Pac. Corp., 491 F.3d at 1059-1060 (2007) (quoting *Caterpillar*,

9

*Inc. v. Williams,* 482 U.S. at 398-399 (1987); *see also Rodriguez v. Pac. Steel Casting Co. v. Pac. Steel Casting Co.*, 2012 U.S. Dist. LEXIS 76757 (N.D. Cal. 2012); *Perez v. Daughters of Charity Health* System, 2012 U.S. Dist. LEXIS 1547, *4-*5 (2012).

Here, because each of Plaintiff's claims fail this two-part test—Plaintiff's claims involve state law wage and hour rights that are independent from the CBA, and his claims are not substantially dependent on the interpretation of a CBA—the Court agrees with Plaintiff and finds that preemption does not apply.

The first part of the test is not in dispute—Defendant concedes Plaintiff's claims are independent of the CBA and arise under state law. [Dkt 35-1 at 12:9-15:23] Under the second prong of the *Burnside* test, to determine whether a state law right is "substantially dependent" on an analysis of the terms of a CBA, a court must decide whether the claim can be resolved by "looking to versus interpreting the CBA." *Burnside*, *supra,* 491 F. 3d at 1060, quoting *Livadas*, *supra,* 512 U.S. at 125. Merely looking to or consulting a CBA will not render the claim preempted. *Livadas*, *supra*, 512 U.S. at 124. Thus, to invoke § 301 under the second part of the test, the claim must be so "***inextricably intertwined*** with consideration of the terms of the labor contract" that the court would be required to interpret the CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (emphasis added)(1985); *Burnside*, *supra,* 491 F. 3d at 1060. The term "interpret" is to be construed narrowly to mean "something more than 'consider,' 'refer to,' 'look to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000); *Placencia*, 2014 U.S. Dist. LEXIS 77731, at *4 (C.D. Cal. May 12, 2014). A Defendant's mere reliance on a CBA "as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'" *Burnside*, *supra,* 491 F. 3d at 1060.

a.  <u>Minimum Wage Claim</u>

Plaintiff's first cause of action seeks unpaid minimum wages pursuant to Labor

10

Code sections 1194 and 1197 and the applicable IWC Wage Orders. [Dkt. 28 at ¶¶ 11-21, 55-60.]  As stated, Plaintiff's claims are rooted in California law which requires employees to be paid minimum wages for all hours worked.  *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324, 37 Cal. Rptr. 3d 460, 468 (2005) ("The minimum wage standard applies to each hour worked by respondents for which they were not paid.") For that reason, Courts routinely allow wage and hour claims to proceed despite the presence of a CBA "based on a failure to compensate at all for certain hours allegedly worked." *Parker v. Cheme Contracting Corp.*, No. 18-CV-01912-HSG, 2019 U.S. Dist. LEXIS 14235, at *6 (N.D. Cal. Jan. 29, 2019). Nonetheless, Defendant selectively picks various phrases from its CBA and argues that such phrases will require interpretation, yet fails to explain how any hypothetical disputes are tethered in any way to Plaintiff's claims brought under state law, and which as Defendant concedes do not rely on any rights provided by the CBA.

For example, Defendant argues that the trier of fact will need to interpret a provision of the CBA providing "Shift workers are required to be in their places ready to begin work when the shift begins. No Employee shall leave or make preparation to leave (such as washing or changing clothing) until his mate shall notify the foreman." [Dkt. 35-1 at 14:15-24.]  But, as here, [a]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim." *Burnside*, 491 F.3d at 1060. Defendant's expectation of a dispute about a CBA term impacting Plaintiff's off the clock claims "is speculative and insufficient to demonstrate that there is an 'active dispute' regarding the interpretation of the CBA's terms." *Corlew v. Superior Duct Fabrication, Inc.*, No. 2:22-cv-04466-JLS-E, 2022 U.S. Dist. LEXIS 230091, at *15 (C.D. Cal. Dec. 21, 2022).

Moreover, even if the parties may need to refer to the CBA at some point to determine job reporting requirements governing Plaintiffs' employment, Defendant fails to show that the Court will not need to *interpret* the collective bargaining agreement. *See e.g. Sanchez v. Calportland Co.*, 2015 U.S. Dist. LEXIS 146382, at *14 (C.D. Cal. Oct.

11

15, 2015) ("Here, because the Court need not interpret the CBA to determine whether the statutory exemptions apply, Plaintiffs' claims for unpaid overtime and meal period premiums are not preempted under the second prong of the Ninth Circuit's test."). "Because the Court need only refer to the CBA to resolve all of Plaintiff's underlying Labor Code claims, '*the clarity of the agreements* means that no further interpretation was required." *Matson v. United Parcel Service, Inc.*, 840 F.3d 1126, 1135 (9th Cir. 2016) (emphasis added). In this sense, "claims are 'only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). Here, Defendant has not shown that there is an active dispute as to the meaning of any terms, rather it has only referenced CBA language that it speculates could later prove to be relevant. This is not sufficient to meet its burden under *Burnside. See McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1069 (N.D. Cal. 2020) ("A defendant, however, cannot invoke § 301 preemption merely by alleging a 'hypothetical connection between the claim and the terms of the CBA' or a "creative linkage between the subject matter of the claim and the wording of a CBA provision.") Accordingly, Plaintiff's overtime claims are not pre-empted.

b. Meal Break and Rest Break Claims

Plaintiff's second and third causes of action seek unpaid meal and rest period premiums based on violations of meal break and rest break requirements under California law. [Dkt. 28 at ¶¶ 22-31, 61-69 (meal breaks); ¶¶ 32-39, 70-77 (rest breaks).] Here, again, Defendant cites to a provision of the CBA regarding meal and rest breaks, selectively picking certain phrases that it deems would need to be interpreted without providing any legal connection to Plaintiff's independent claims brought under state law. This is not sufficient. *Cramer, supra,* 255 F.3d at 691-92. Moreover, Defendant's argument that the Court would need to interpret the CBA's meal and rest provision is only logical if Plaintiff was seeking to enforce its terms (i.e. providing a 12-

12

1  minute paid rest break for every four (4) hours worked, or major fraction thereof [Dkt.

2  35-1 at 13:9-18]) rather than Plaintiff's independent rights under State law (i.e.

3  providing only a 10-minute paid rest for every four hours worked, or major fraction

4  thereof).  Accordingly, Plaintiff's meal and rest claims are not pre-empted.

5                    c.  Business Expense Claim

6          Plaintiff's Sixth cause of action seeks recovery of unreimbursed business

7  expenses under California law, including expenses related to the use of personal

8  cellular devices, purchasing work tools, such as knife blades and other hand tools

9  necessary to perform the duties of the job, face masks and other PPE equipment,

10  and steel-toe boots. [Dkt. 28 at ¶¶ 48-54, 97-102.]  Defendant's Motion focuses on

11  only one aspect of Plaintiff's allegations—reimbursement for steel toe boots. [Dkt.

12  35-1 at 15:7-10.]  Defendant therefore concedes that Plaintiff's claim is not

13  preempted as to the additional items listed.  However, even with respect to the

14  steel-toe boots, Defendant only cites to a line of the CBA indicating that employees

15  are reimbursed for boots at a rate of .05 cents per hours. While this indicates that

16  Defendant may indeed have a factual defense to Plaintiff's claim for reimbursement

17  of steel-toe boots, it does not follow that Plaintiff's claims are preempted because

18  the Court will not need to *interpret* the collective bargaining agreement. *See e.g.*

19  *Burnside*, *supra,* 491 F. 3d at 1060 (A Defendant's mere reliance on a CBA "as an

20  aspect of a defense is not enough to 'inject[] a federal question into an action that

21  asserts what is plainly a state-law claim.'"); *Sanchez, supra,* 2015 U.S. Dist. LEXIS

22  146382, at \*14; *Matson,* 840 F.3d at 1135 (9th Cir. 2016) ("Because the Court need

23  only refer to the CBA to resolve all of Plaintiff's underlying Labor Code claims,

24  '***the clarity of the agreements*** means that no further interpretation was required.")

25  Accordingly, Plaintiff's business expense claim is not preempted.

26                    d.  Wage Statement, Final Pay, and UCL Claims

27          Plaintiff's Fourth, Fifth, and Eighth causes of action include, but according to

28  Plaintiff are not limited to, derivative allegations for inaccurate wage statements,

waiting time penalties, and unfair competition. [Dkt. 28 at ¶¶ 40-44, 78-91 (wage
statements), ¶¶ 45-47, 92-96 (waiting time penalties), ¶¶ 114-118 (unfair
competition)].  Whether the claims are purely derivative or not does not matter as
Defendant concedes that such allegations would only derive from the CBA if, in
fact, *all of* Plaintiff's underlying minimum wage, meal break, and rest break
claims—any of which could trigger all of the derivate claims alleged—arose from
the CBA. [Dkt. 35-1 at 15:25-27.]  Because Defendant has failed to show that
Plaintiff's first, second, and third causes of action are preempted, as set forth above,
Plaintiff's derivative allegations based on those underlying violations are likewise
not preempted.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.  Defendants' Motion to Dismiss is DENIED.


Dated:  _____              _____
                                           Honorable John F. Walter
                                           United States District Judge

ORDER RE MOTION TO DISMISS
CASE NO. 2:22-CV-08460-JFW-RAO

1

## CERTIFICATE OF SERVICE

2        At the time of service, I was over 18 years of age and not a party to this action.

3  I am employed in the County of Los Angeles, State of California.  My business
address is 9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210.

4

5        On March 8, 2023, I served true copies of the following document(s) described
as

6

## PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION

7

## DENYING DEFENDANT'S MOTION TO DISMISS

8  Danielle Hultenius Moore
   Aaron F. Olsen

9  Christopher M. Champine              Attorneys for Defendant,
   **FISHER & PHILLIPS LLP**            INTERNATIONAL PAPER COMPANY

10 4747 Executive Drive, Suite 1000
   San Diego, California 92121

11 Telephone: (858) 597-9600
   Facsimile: (858) 597-9601

12 dmoore@fisherphillips.com

13 aolsen@fisherphillips.com
   cchampine@fisherphillips.com

14

15

16 on the interested parties in this action as follows:
   **X**  BY ELECTRONIC TRANSMISSION. I served the above listed document(s)

17 described via the United States District Court's Electronic Filing Program on the
   designated recipients via electronic transmission through the CM/ECF system on the

18 Court's website. The Court's CM/ECF system will generate a Notice of Electronic
   Filing (NEF) to the filing party, the assigned judge, and any registered users in the

19 case. The NEF will constitute the service of the document(s). Registration as a
   CM/ECF user constitutes consent to electronic service through the court's

20 transmission facilities.

21        I declare under penalty of perjury under the laws of the United States of

22 America that the foregoing is true and correct and that I am employed in the office of
   a member of the bar of this Court at whose direction the service was made.

23 Executed on March 8, 2023, at Los Angeles, California.

24

25

26                                              Maria Monterrey

27

28