1  Zachary M. Crosner (SBN 272295)
       E-Mail: zach@crosnerlegal.com
2  Jamie Serb (SBN 289601)
       E-Mail: jamie@crosnerlegal.com
3  Brandon K. Brouillette (SBN 273156)
       E-Mail: bbrouillette@crosnerlegal.com
4  **CROSNER LEGAL, PC**
   9440 Santa Monica Boulevard, Suite 301
5  Beverly Hills, CA 90210
   Telephone: (310) 496-5818
6  Facsimile:  (310) 510-6429

7  Attorneys for Plaintiff
   RODOLFO GUTIERREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO GUTIERREZ, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:22-cv-08460-JFW-RAO<br><br>**DECLARATION OF BRANDON BROUILLETTE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>**[Filed concurrently with Notice of Motion and Memorandum of Points & Authorities; Declarations of Rodolfo Gutierrez and Yami Burns; [Proposed] Order]**<br><br>Date:  June 24, 2024<br>Time: 1:30 p.m.<br>Place: Ctrm 7A<br><br>Hon. John F. Walter |

# DECLARATION OF BRANDON BROUILLETTE

I, Brandon Brouillette, declare as follows:

1. I am a partner with the law firm Crosner Legal, P.C. and counsel for the named Plaintiff Rodolfo Gutierrez ("Plaintiff"), in the above-captioned matter. I am a member in good standing of the bar of the State of California and I am admitted to practice in this Court. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so. This Declaration is submitted in support of Plaintiff's Motion for Final Approval of Class and Representative Action Settlement.

2. On October 7, 2022, Plaintiff Gutierrez filed a Collective and Class Action complaint in Los Angeles County Superior Court, which matter Defendant removed the action to this Court. On January 27, 2023, Plaintiff filed a First Amended Complaint ("FAC") that removed the unpaid overtime claim and carved out Defendant's prior settlement in the matter of Elisa Arroyo v. International Paper Company, Case No. 5:17cv6211 (C.D. Cal.) (the "Arroyo Action"), which effectively cut off the class period to begin on July 1, 2021. The FAC alleged a nationwide collective action claim brought under the FLSA for the alleged failure to pay minimum wages, and statewide class action claims based on Defendant's alleged failure to pay minimum wages, provide meal breaks, provide rest breaks, reimburse for business expenses, timely pay all wages owed, and furnish complete and accurate wage statements.

3. After in-depth formal and informal discovery, the parties agreed to mediation and a protocol for exchanging documents and information beforehand. Defendant produced additional information to facilitate the mediation, including a sampling of time and pay records and documents reflecting its wage and hour policies and practices during the relevant time period, exemplars of applicable wage statements, employee handbooks, and other relevant documentation.

4. As set forth in detail in the briefing on preliminary approval (Docket

No. 57, at pp. 11-22), after reviewing Defendant's wage and hour policies and practices, and analyzing Defendant's time and pay records in conjunction with Berger Consulting, we were able to evaluate the probability of class certification, success on the merits, and Defendant's theoretical exposure for all claims, and prepare a damages analysis prior to mediation. We also investigated the applicable law regarding the claims and defenses asserted in the litigation. Thus, Plaintiff and counsel are familiar with the facts of the case and the legal issues raised by the pleadings and were able to act intelligently in negotiating the settlement.

5. In April 2023, the Parties participated in a private mediation with professional neutral the Hon. James Di Cesare (Ret.). The settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. The parties went into the mediation willing to explore the potential for a settlement of the dispute, but each side was also prepared to litigate their or its position through trial and appeal if a settlement had not been reached. After extensive negotiations and discussions regarding the claims and defenses in this action, as well as the risks involved in further litigation, the Parties reached agreement on all material terms of the Settlement, which are encompassed within the Stipulation and Settlement Agreement of Class Action and PAGA Claims ("Stipulation") (Docket No. 57-1). There are no undisclosed side agreements between the parties or their counsel.

6. In total, Defendant will fund a common fund settlement in the amount of $500,000 (the "Gross Settlement Amount"). The Gross Settlement Amount is inclusive of all payments contemplated under the Settlement and accounts for: (1) all settlement awards to the Settlement Class Members; (2) the Plaintiff's incentive award not to exceed $7,500; (3) civil penalties of $30,000 in satisfaction of PAGA (of which $22,500 will go the LWDA, and the remaining $7,500 will go pro rata to the PAGA Group); (4) settlement administration costs of 27,500; (5) reimbursement of litigation costs of $19,669.68; (6) benchmark attorney's fees not

to exceed $125,000 (25% of the Gross Settlement Amount); and (7) all employer-side state and federal payroll taxes due on the portion of the settlement payable as wages of $8,729. No money will revert to Defendant.

7. Approximately $281,319 from the Gross Settlement Amount will be distributed to the Class Members, while an additional $7,500 in civil penalties will be distributed to the PAGA Group. This is a cash settlement that did not require Class Members to submit a claim form to receive their settlement share, and both the Class Members and PAGA Group Members will receive their settlement checks automatically via First Class U.S. Mail. Only one class member opted out of the settlement, for a 99.97% participation rate.

8. Each Class Member who did not opt-out will be entitled to a pro rata share of the Net Settlement Amount based upon his or her total weeks worked during the Class Period. As addressed on preliminary approval, the Parties believe a pro rata distribution based on the number of weeks/pay periods worked by each participating individual during the relevant time periods will fairly allocate the settlement proceeds in light of the legal theories asserted and the evidence adduced prior to mediation. These methods are intended to ensure each individual receives a portion of the available settlement funds corresponding to the relative value of his or her potential claims, and the proposed allocation provides the most reasonable way to compensate Class Members based on the amount of time they worked for IPC and the number of instances they allegedly were not compensated properly, missed meal and rest periods, etc.

9. IPC agreed not to oppose an application for an award of attorney's fees up to one-quarter of the gross settlement fund, or $125,000, as well as litigation costs and expenses up to $20,000.00 (only $19,669.68 is requested). My office filed a separate motion for attorney's fees and costs, set to be heard concurrently with this motion, attesting to the nature and scope of the work performed as well the costs and expenses incurred.

10. Upon final approval, Class Members will release IPC and other Released Parties (as defined in the Stipulation) from all claims set forth in the operative complaint, or that could have been pleaded based on the factual allegations underlying the operative complaint, including PAGA claims, from July 1, 2021 through August 11, 2023. No one other than Class Representative Rodolfo Gutierrez is waiving his or her rights under California Civil Code Section 1542

11. Finally, the settlement provides for $30,000 to be allocated to civil penalties under PAGA, and Plaintiff respectfully requests the Court approve that amount as fair, reasonable and adequate, and consistent with PAGA's underlying purposes. As required by Labor Code § 2699(*l*)(2), my office gave notice to the Labor & Workforce Development Agency of the settlement and the final approval hearing via the LWDA's online portal. A true and correct copy of the LWDA's acknowledgement is attached hereto as Exhibit 1.

12. My office conducted a thorough investigation into the facts of this case and, based on the foregoing discovery and our independent investigation and evaluation, is of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members in light of all known facts and circumstances, including but not limited to the risk of significant delay and the defenses that could be asserted by Defendant both to certification and on the merits, trial risk, and appellate risk.

13. This Settlement obviates the significant risk that this Court may deny certification of all or some of Plaintiff's claims. Furthermore, even if Plaintiff obtained certification of all or some of the claims, continued litigation would be expensive, involving a trial and possible appeals, and would substantially delay and reduce any recovery by the Settlement Class Members.

14. While Plaintiff and I are confident in the merits of his claims, a legitimate controversy exists as to each cause of action. We also recognize that

proving the amount of wages and other damages and penalties due to each Class Member would be an expensive, time-consuming, and uncertain proposition.

15. Although we believe that we could have prevailed, there was no guarantee that Plaintiff would prevail on all claims and theories. When the risks of prevailing at both certification and trial are factored into the equation, the settlement value is reasonable and supported. The $500,000 settlement amount represents a significant proportion of Defendant's risk-discounted potential exposure. Notably, the assigned certification probabilities are consistent with certification in contested motions in California based on the Findings of the Study of California Class Action Litigation, 2000-2006, available at http://www.courts.ca.gov/documents/class-action-lit-study.pdf (finding that only 21.4% of all class actions were certified either as part of a settlement or as part of a contested certification motion). In other words, well under 20% of all class actions are certified by way of contested motion. Significantly as well, each Settlement Class Member is eligible to receive an average benefit of approximately $80. In sum, when the risks of litigation, the uncertainties involved in achieving class certification, the burdens of proof necessary to establish liability, and the probability of appeal of a favorable judgment all are accounted for, it is clear that the settlement amount of $500,000 is within the "ballpark" of reasonableness, and final settlement approval is appropriate.

16. The Court previously approved the Parties' selection of Phoenix Settlement Administrators as the Settlement Administrator. Phoenix performed all duties relating to mailing the notices and administering the settlement to date, and will continue to perform its duties related to issuing settlement checks, preparation and submission of tax forms, etc. Phoenix will incur a total of $27,500 for its services in administering the settlement. Accordingly, it is respectfully requested that the Court approve the payment to Phoenix in the amount of $27,500 from the Gross Settlement Amount as provided in the Stipulation and Class Notice.

17. Throughout this litigation, Plaintiff Rodolfo Gutierrez has cooperated immensely with my office and has taken many actions to protect the interests of the class. He provided valuable information regarding missed meal periods, unpaid work time, and meal and rest policies, kept himself informed of the developments in this action, informed my office of developments and information relevant in to this Action, participated in decisions concerning this action, and made himself available and communicated with me during mediation and the settlement process. He also sat for a contentious full-day deposition. The information and documentation he provided was instrumental in establishing the wage and hour violations alleged in this Action, and the recovery provided for in the settlement agreement would have been impossible to obtain without her participation.

18. At the same time, Mr. Gutierrez faced many risks in acting as a class representative in this matter. Mr. Gutierrez faced actual risks with his future employment, as putting himself on public record in an employment lawsuit could also very well affect his likelihood for future employment. This is particularly true in this day and age where even a simple google search may reveal information about the filing of or participation in a lawsuit, and any kind of in depth background check almost certainly will do so.

19. In the final analysis, this class action would not have been possible without the aid of Mr. Gutierrez, who put his own time and effort into this litigation, and placed himself at risk for the sake of the Class Members. An enhancement of $7,500 for Mr. Gutierrez for his service as the class representative is a relatively small amount of money when the time and effort put into the litigation are considered and in comparison to enhancements granted in other class actions. The requested incentive award is therefore reasonable to compensate Plaintiff for his active participation in this lawsuit.

20. I am a graduate of Loyola Law School, Los Angeles, from which I received a *juris doctorate* degree in 2009. Prior to attending law school, I attended

the University of Southern California, from which I received a *bachelors of science* in Business Administration in 2006.

21. I have been a Partner at Crosner Legal since February 1, 2023. Prior to joining Crosner Legal, I was a Senior Associate and Team Director of a Wage and Hour Litigation Team at Capstone Law APC, which I originally joined as an associate attorney in May 2016.

22. Since being admitted to the California State Bar in 2010, my entire legal career has been dedicated to protecting employee and consumer rights through the prosecution of class action and representative actions filed on behalf of plaintiffs in class actions and statewide representative actions. Throughout my career I have managed or co-managed more than 100 class action and PAGA representative cases, from initial filing of the complaint through final resolution.

23. In particular, I have served as class counsel in several certified class action cases, including:

    a. *Party City Wage and Hour Cases*, JCCP4781 (class counsel for certified class of non-exempt hourly employees who worked for Defendants in California)

    b. *Lewis v. Express Messenger Systems*, Los Angeles Superior Court Case No. BC501521 (class counsel for certified class of last-mile delivery drivers who were alleged to be misclassified as independent contractors)

    c. *Ramirez-Vivar v. Grifols Diagnostic Solutions, Inc.*, *et al.*, Alameda County Superior Court, Case No. RG21099519 (class counsel for certified classes of non-exempt hourly employees who worked for Defendants in California)

    d. *Jones v. LA Live*, Los Angeles County Case No. BC687908 (class counsel for certified issue classes consisting of hourly employees who worked at Staples Center and Nokia Theater)

24. The following is a representative sample of settlements in wage and

hour class action and PAGA representative cases in which I was listed as an attorney of record and either managed, or co-managed with attorneys at my firm and other co-counsel:

    e. *Cruz v. Walmart*, Los Angeles County Super. Ct. Case No. 18STCV03128 ($15 million global PAGA settlement on behalf of hourly employees statewide for alleged Labor Code violations.)

    f. *Vorise v. 24 Hour Fitness USA, Inc.*, Contra Costa County Super. Ct., Case No. C 15-02051 ($11 million global PAGA settlement on behalf of over 36,000 employees for Labor Code violations.)

    g. *Gross v. Sodexo*, Kern County Super Ct., Case No. BCV-18-101746 Capstone ($4.75 million class and PAGA settlement on behalf of class of non-hourly employees for Labor Code violations.)

    h. *Campbell v. AEG* ($1.8M class and PAGA settlement on behalf of group of hourly employees who worked at concert venues in California for alleged Labor Code violations)

    i. *Fiebelkorn v. AEG*, et al. Los Angeles Superior Court Case No. BC717337 ($1.75M class settlement on behalf of group of hourly employees who worked at Oakland Coliseum for alleged Labor Code violations)

    j. *Amaro v. Anaheim Arena Management*, Orange County Superior Court Case No. 30-2017-00917542 ($2,212,500 class and PAGA settlement on behalf of group of hourly employees who worked at Honda center in Anaheim California for alleged Labor Code violations)

    k. *Espindola v. Panda Express,* San Bernardino Superior Court Case No. CIVDS1931455 ($3.125M class and PAGA settlement on behalf of hourly employees statewide for alleged Labor Code violations)

    l. *Gold v. Benihana*, San Diego Court Superior Court Case No. 37-2016-00022320-CU-OE-NC ($2.25M class and PAGA settlement on behalf

of hourly employees statewide for alleged Labor Code violations)

m. *Party City Wage and Hour Cases*, JCCP4781 ($6.5M class and PAGA settlement on behalf of hourly employees statewide for alleged Labor Code violations)

n. *Lewis v. Express Messenger Systems*, Los Angeles County Super Court Case No. BC501521 ($10.5M class and PAGA settlement on behalf of a statewide group of independent contractor last-mile delivery drivers alleged to be misclassified)

o. *Flores v. Tesla*, Alameda County Superior Court Case No. RG18907072 ($4M class and PAGA settlement on behalf of statewide group of hourly employees for alleged Labor Code violations)

p. *Ruiz v. Disney Stores*, San Bernardino Superior Court Case No. CIVDS2016983 ($2M class and PAGA settlement on behalf of statewide group of hourly employees who worked at retail stores in California for alleged Labor Code violations)

q. *Ramirez v. Yin Management*, Sacramento County Superior Court Case No. 34-2021-00301530 ($1.8M class and PAGA settlement on behalf of statewide group of hourly employees who worked at Defendant's McDonald's franchises in California for alleged Labor Code violations).

r. *Suhartono v. RRG Besh*, Los Angeles County Superior Court Case No. 19STCV22184 ($2.25 class and PAGA settlement on behalf of statewide group of hourly employees who worked at Defendant's McDonald's franchises in California for alleged Labor Code violations).

s. *Gomes v. Kura Sushi*, Los Angeles County Superior Court Case No. 19STCV18977 ($1.75M class and PAGA settlement on behalf of statewide group of hourly employees who worked at Defendant's restaurants in California for alleged Labor Code violations)

t. *Saldana v. Hydrochem*, Contra Costa Superior Court Case No.

CIVMSC19-02624 ($1.38M class and PAGA settlement on behalf of statewide group of hourly employees for alleged Labor Code violations).

25. In addition, below are settlements in consumer class action cases in which I was listed as an attorney of record and either managed, or co-managed with attorneys at my firm:

u. *Lopez v. Seterus, et al.*, Los Angeles Superior Court Case No. BC484297 ($3M Class settlement on half of thousands of borrowers in California, Florida, and Texas for UCL violations premised on improper late fee collections)

v. *McGill v. Citibank*, Riverside County Superior Court Case No. RIC 1109398 (in landmark case that established the 'McGill rule' precluding the waiver of public injunctive relief in pre0dsipute arbitration agreements, negotiated confidential settlement on behalf of consumer who sued for damages and class injunctive relief stemming from marketing of credit protector plan)

26. Finally, I have been selected by my peers as a Super Lawyers 'Rising Star' every year since 2016 through 2022, which is a recognition that is provided to only 2.5% of active lawyers practicing within the State of California

27. Zachary Crosner is a 2010 graduate of University of San Diego School of Law. He has some thirteen years of experience as a practicing attorney, all of which have focused on litigation of employment, labor law, consumer, and class action claims. Following graduation, he immediately began working for a nationally recognized plaintiff-side complex litigation firm, CaseyGerry, where he had the fortune of working directly with past presidents of the consumer attorneys and recipients of trial attorneys of the year awards. He also worked for former CAALA and CLAY trial attorney of the year recipient, attorney Conal Doyle, as his sole associate attorney. During his tenure at these firms, he focused on

advocating for the rights of consumers and employees in class action litigation, civil rights and employment litigation, catastrophic injuries, insurance bath faith, and appellate litigation.

28. In 2013, he founded the law firm of Crosner Legal, P.C., which since its inception has focused almost exclusively on wage and hour class actions and other labor and employment law cases representing plaintiffs. Currently, over ninety percent (90%) of the firm's practice is dedicated exclusively to the prosecution of wage and hour class actions, and the law firm is currently responsible as lead counsel or co-lead counsel for prosecuting well over fifty (50) wage and hour class actions and/or PAGA representative actions in both federal and state courts throughout California.

29. Mr. Crosner currently is an executive board member of the Wage and Hour Committee and the Legislative Committee for the California Employment Lawyers Association; a member of the Grassroots Advocacy Team for the National Employment Lawyers Association; Wage and Hour Committee member and Class Action Committee member for the National Trial Lawyers; a member of the American Association for Justice; and a member of the Pound Civil Justice Institute. He also was selected by Super Lawyers as a "Southern California Rising Star" for employment and labor law for 2018-2020.

30. Jamie Serb is a partner with Crosner Legal and head of the firm's Wage & Hour Practice Group. She graduated from the University of California, San Diego in 2004, graduated from California Western School of Law in 2013, and has been a member of the California Bar since 2013. She gained extensive experience in wage and hour litigation, beginning work as a class action attorney in 2015 at the Mara Law Firm, PC (previously Turley & Mara Law Firm, APLC; Turley Law Firm, APLC). She has handled wage and hour class actions and PAGA lawsuits almost exclusively for some eight years and has assisted in obtaining millions of dollars for employees during her years of practice.

31.     Crosner Legal, P.C. has obtained multiple multi-million dollar wage and hour class action settlements while serving as lead class counsel in recent years, including but not limited to a $1.9 million wage and hour class action settlement in 2015 (*Smith v. Lux Retail North America, Inc.*, Case No. 3:13-cv-01579-WHA (N.D. Cal.)); a $4.1 million wage and hour class action settlement in 2016 (*Aguirre v. Mariani Nut Company, Inc. et al.*, Case No. 34- 2016-00190252 (Sacramento Cty. Super Ct.)); a $1.35 million wage and hour class action settlement in 2017 (*Montelone v. Ocean Cities Pizza, Inc.*, Case No. 56-2014-00458249 (Ventura Cty. Super. Ct.)), a $1.8 million wage and hour class action settlement in 2018 (*Latham v. K.W.P.H. Enterprises, Inc. dba American Ambulance*, Case No. 17C-0162 (Kings Cty. Super Ct.)), a $1.3 million wage and hour class action settlement in 2019 (*Means, et al. v. AirGas USA, LLC*, Case No. 17-CV-2160 JGB (C.D. Cal.)), a $1.5 million wage and hour settlement in 2020 (*Babouchian, et al. v. Wyndham Vacation Ownership, et al.*, Case No. CV18-14601 (San Diego Cty. Super. Ct.), a $1.15 million wage and hour class action settlement in 2020 (*Buford v. Medical Solutions LLC*, Case No. 4:18-CV-04864-YGR (N.D.Cal.)); a $2.2 million wage and hour class action settlement in 2021 (*Ghorchian, et al. v. West Hills Hospital, et al.,* Case No. LS029737 (Los Angeles Cty. Super. Ct.)); a $2.85 million dollar wage and hour settlement in 2021 (*Valencia v. The Original Mowbray's Tree Service, Inc.*, Case No. CIVDS1825518 (San Bernardino Cty. Super. Ct.)); a $1 million wage and hour class action settlement in 2022 (*Duong v. Loan Factory, Inc.*, Case No. 21CV382467 (Santa Clara Cty. Super. Ct.)), a $1.4 million wage and hour class action settlement in 2023 in *Correa, et al. v. FedEx Supply Chain, Inc.*, Case No. CIVDS2023369 (San Bernardino Cty. Super. Ct.), a $2.38 million wage and hour class action settlement in 2023 in *Michel, et al. v. Valley Thrift Store, Inc.*, Case No. 21STCV00925 (Los Angeles Cty. Super. Ct.); a $2.5 million wage and hour class action settlement in 2023 in *Jajuga v. Pilot Travel Centers*, Case No. CIVDS1931464 (San Bernardino Cty. Super. Ct.); $1.015 million wage

1  and hour class action settlement in 2023 in *Gotishan v. Kyo Autism Therapy*, Case
2  No. CGC-21-596378 (San Francisco Cty. Super. Ct); and a $1.15 million wage and
3  hour PAGA settlement in 2023 in *Vaughn v. Public Health Foundation Enters.,*
4  *Inc.*, Case No. 21STCV18512 (Los Angeles Cty. Super. Ct.); a $1.5 million wage
5  and hour class action settlement in 2023 in *McKinnie v. Iron Mountain*, Case No.
6  21STCV05707 (Los Angeles Cty. Super. Court); a $1.3 million wage and hour
7  class action settlement in 2023 in *Ellsworth, et al. v. Hallcon*, Case No.
8  20STCV06618 (Los Angeles Cty. Super. Court); and a $1.925 million wage and
9  hour class settlement in 2024 in *Lo v. Cyberpower, Inc.*, Case No. 21STCV31479
10 (Los Angeles Cty. Super. Ct).

11  32. For all the foregoing reasons, I believe the settlement is fair,
12 reasonable, and in the best interests of the class.

13  I declare under penalty of perjury under the laws of the State of California
14 that the foregoing is true and correct. Executed this 20th day of May 2024, at Los
15 Angeles California.

_____
Declarant

# EXHIBIT 1



Maria Monterrey <maria@crosnerlegal.com>

## Thank you for your Proposed Settlement Submission

**DIR PAGA Unit** <lwdadonotreply@dir.ca.gov>     Fri, May 17, 2024 at 5:01 PM
To: maria@crosnerlegal.com

05/17/2024 05:01:22 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Proposed Settlement
If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm