Zachary M. Crosner (SBN 272295)
E-Mail: zach@crosnerlegal.com
Jamie Serb (SBN 289601)
E-Mail: jamie@crosnerlegal.com
Brandon K. Brouillette (SBN 273156)
E-Mail: bbrouillette@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, CA 90210
Telephone: (866) 276-7637
Facsimile: (310) 510-6429

Attorneys for Plaintiff
RODOLFO GUTIERREZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODOLFO GUTIERREZ, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:22-cv-08460-JFW-RAOx<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date: June 24, 2024<br>Time: 1:30 p.m.<br>Place: Ctrm 7A<br><br>Hon. John F. Walter |

The following matters came regularly as scheduled for hearing on June 24, 2024: (1) Plaintiff's Motion for Final Approval of Class and Representative Action Settlement (Docket No. 63); and (2) Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 64). Both Motions were unopposed. Upon consideration of the Motions, the evidence filed in support thereof, the Court's entire file herein, the arguments of counsel at the hearing, and good cause appearing, the Court hereby finds and orders as follows:

1.  For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and Settlement Agreement of Class Action and PAGA Claims, attached as Exhibit 1 to the Declaration of Brandon Brouillette in support of Motion for Preliminary approval, Docket No. 57-1 (hereafter the "Stipulation");

2.  This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3.  The Settlement Class, which was provisionally certified by the Court in its January 29, 2024 Order Granting Preliminary Approval, hereby is certified under Federal Rule of Civil Procedure 23 for purposes of settlement only. The Settlement Class includes all individuals who worked for International Paper Company in the State of California as non-exempt employees during the Class Period of July 1, 2021 through August 11, 2023.

4.  The Court finds the "Notice of Class Action Settlement" was duly mailed to the members of the Class as required by the Stipulation. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process. The Court also finds that the California Labor & Workforce Development Agency was duly notified of the proposed settlement of claims under the Private Attorneys General Act as required by Cal. Labor Code § 2699(*l*)(2);

5.  The Court finds that no member of the Class nor the California Labor & Workforce Development Agency has objected to the Settlement or to the

proposed awards of attorney's fees, costs or the representative enhancement;

6.   The Court finds that the Settlement, including both the claims of the Settlement Class and all claims alleged under the Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.* ("PAGA"), was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well-respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class and PAGA claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the Settlement (see Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of the Class, that the settlement of the claims under PAGA is meaningful and furthers the purposes underlying PAGA, and hereby GRANTS final approval of the Settlement. The parties are ordered to carry out the Settlement as provided for in the Stipulation;

7.   In addition, the request for an enhancement payment of $7,500.00 to Plaintiff and Class Representative Rodolfo Gutierrez is granted. The Court finds that the enhancement payment is reasonable in light of the services he performed, the benefit she helped secure for the Class and the State, and the risks he undertook in bringing the litigation. The Court further approves payment of $27,500.00 to the Settlement Administrator, Phoenix Settlement Administrators, for services rendered and to be rendered in administering the Settlement.

8.   The Court further approves payment of $22,500.00 to the California Labor & Workforce Development Agency for its share of civil penalties under the Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.*;

9.   Concurrently with the motion for final approval of the Settlement, Plaintiff moved for attorney's fees equal to 25% of the total settlement fund, or $125,000.00, plus litigation costs in the amount of $19,669.68. That Motion is

1  GRANTED. The Court finds Class Counsel skillfully advanced the litigation in the face of uncertain legal authority and disputed factual issues on a contingent basis, and Class Counsel's resulted in substantial payment to the Class and substantial payment of civil penalties under PAGA. The Court has carefully considered the results achieved, the risks posed by the litigation, the skill required and the quality of the work, the contingent nature of the fee, the timeliness of the settlement, and awards made in similar cases. The Court also notes the Ninth Circuit "benchmark" fee in class action cases is 25% of the gross settlement amount. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). The Court finds further that Class Counsel's expenses were reasonably incurred in the prosecution of the litigation.

10. The Court adjudges the participating Class Members and PAGA Group (as defined in the Stipulation), to the extent provided by the Stipulation, be deemed to have conclusively released and discharged the Released Parties (as defined in the Stipulation) from all wage-and-hour claims, demands, rights, liabilities, costs, penalties, interest, attorney's fees, and causes of action that Plaintiff and the other Participating Class Members are releasing in exchange for the consideration provided for by this Agreement, which are all claims in the Complaint, the PAGA notice, and all claims that reasonably could have been pled arising out of similar operative facts, conduct, and/or omissions including but not limited to claims for (1) unpaid reimbursements; (2) wage statement violations (3) unpaid wages, including minimum wages, regular wages, overtime and double overtime wages; (4) failure to provide meal periods or meal period premiums; (5) failure to provide rest periods or rest period premiums; (6) failure to timely pay all wages due upon separation of employment; (7) failure to maintain and provide accurate records; (8) unfair business practices premised on alleged violations of the California Labor Code; (9) penalties under PAGA. The Released Claims do not cover or include (1) claims for Workers' Compensation, (2) claims for

unemployment or disability payments, (3) claims for discrimination, retaliation or harassment under Title VII or California's Fair Employment and Housing Act, (4) tort claims, or (5) any other claims that cannot be released as a matter of law. The Released Claims for Participating Class Members Claims shall run during the entire Class Period. The Released Claims for the PAGA Group shall run through the PAGA Period. As of the Effective Date of Settlement, each Participating Class Member shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims. In addition, each member of the Settlement Class who cashes their settlement award check shall be deemed to have fully and forever released claims under the Fair Labor Standards Act ("FLSA"). This waiver and release of claims shall be binding on Plaintiff and all Participating Class Members, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns, and shall inure to the benefit of the Released Parties.

11. One Class Member, Amber Maldonado, timely and validly opted out of the Settlement. This individual therefore is excluded from the Class and is not bound by the Stipulation or this Order, except as to the release of claims under PAGA.

12. Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Stipulation pursuant to further orders of this Court until the final judgment contemplated becomes effective and each and every act agreed to be performed by the parties has been performed under the terms of the Stipulation; (2) any other action necessary to conclude this settlement and to implement the Stipulation; and (3) the enforcement, construction, and interpretation of the Stipulation.

13. Neither this Order nor the Stipulation upon which it is based are an admission or concession by any party of any fault, omission, liability or wrongdoing. This Order is not a finding of the validity or invalidity of any claims

in this action or a determination of any wrongdoing by any party.  The final approval of the parties' settlement will not constitute any opinion, position or determination of this Court as to the merits of the claims or defenses of any party.

14. Plaintiff is ordered to submit a [Proposed] Judgment within ten (10) court days of this Order.

IT IS SO ORDERED.

Dated: June 24, 2024

_____
United States District Judge