1  Zachary M. Crosner (SBN 272295)
       E-Mail: zach@crosnerlegal.com
2  Jamie Serb (SBN 289601)
       E-Mail: jamie@crosnerlegal.com
3  Brandon K. Brouillette (SBN 273156)
       E-Mail: bbrouillette@crosnerlegal.com
4  **CROSNER LEGAL, PC**
   9440 Santa Monica Boulevard, Suite 301                    JS-6
5  Beverly Hills, CA 90210
   Telephone: (310) 496-5818
6  Facsimile:  (310) 510-6429

7  Attorneys for Plaintiff
   RODOLFO GUTIERREZ

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11  RODOLFO GUTIERREZ, as an              Case No.: 2:22-cv-08460-JFW-RAOx
    individual on behalf of himself and on
    behalf of all others similarly situated,

12                                        **JUDGMENT**
              Plaintiff,

13
        v.

14                                        Hon. John F. Walter
    INTERNATIONAL PAPER

15  COMPANY, a New York corporation,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                          Case No. 2:22-cv-08460-JFW-RAOx
                                                              JUDGMENT

FP 51322792.1

The following matters came regularly as scheduled for hearing on June 24, 2024: (1) Plaintiff's Motion for Final Approval of Class and Representative Action Settlement (Docket No. 63); and (2) Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 64). Both Motions were unopposed. Upon consideration of the Motions, the evidence filed in support thereof, the Court's entire file herein, the arguments of counsel at the hearing, and good cause appearing, the Court entered its Order granting both Motions on June 25, 2024 (Docket No. 69).  Accordingly, the Court now enters JUDGMENT as follows:

1.      For purposes of this Judgment, the Court adopts all defined terms as set forth in the Stipulation and Settlement Agreement of Class Action and PAGA Claims (the "Stipulation") (Docket No. 57-1);

2.      This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3.      The Court finds the "Notice of Class Action Settlement" was duly mailed to the members of the Class as required by the Stipulation. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process.  The Court also finds that the California Labor & Workforce Development Agency was duly notified of the proposed settlement of claims under the Private Attorneys General Act as required by Cal. Labor Code § 2699(*l*)(2);

4.      The Court finds that no member of the Class nor the California Labor & Workforce Development Agency has objected to the Settlement or to the proposed awards of attorney's fees, costs or the representative enhancement;

5.      The Court finds that the Settlement, including both the claims of the Settlement Class and all claims alleged under the Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.* ("PAGA"), was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well-respected mediator. After considering the Defendant's potential exposure, the likelihood of

FP 51322792.1

1  success on the class and PAGA claims, the risk, expense, complexity and delay

2  associated with further litigation, the risk of maintaining class certification through

3  trial, the experience and views of Class Counsel, and the reaction of the Class to

4  the Settlement (see Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1026 (9th Cir.

5  1998)), the Court finds that the Settlement is in all respects fair, reasonable and

6  adequate, and in the best interests of the Class, that the settlement of the claims

7  under PAGA is meaningful and furthers the purposes underlying PAGA, and

8  hereby GRANTS final approval of the Settlement. The parties are ordered to carry

9  out the Settlement as provided for in the Stipulation;

10        6.      The request for an enhancement payment of $7,500.00 to Plaintiff and

11  Class Representative Rodolfo Gutierrez is granted. The Court finds that the

12  enhancement payment is reasonable in light of the services he performed, the

13  benefit he helped secure for the Class and the State, and the risks he undertook in

14  bringing the litigation. The Court further approves payment of $27,500.00 to the

15  Settlement Administrator, Phoenix Settlement Administrators, for services

16  rendered and to be rendered in administering the Settlement.

17        7.      The Court further approves payment of $22,500.00 to the California

18  Labor & Workforce Development Agency for its share of civil penalties under the

19  Private Attorneys General Act, Cal. Labor Code §§ 2698, et seq.;

20        8.      Concurrently with the motion for final approval of the Settlement,

21  Plaintiff moved for attorney's fees equal to 25% of the total settlement fund, or

22  $125,000.00, plus litigation costs in the amount of $19,669.68, which the Court

23  granted.

24        9.      The Court adjudges Plaintiff, the participating Class Members, and

25  PAGA Group (as defined in the Stipulation), to the extent provided by the

26  Stipulation and in exchange for the consideration provided for in the Stipulation,

27  to have forever released and discharged the Released Parties (as defined in the

28  Stipulation) from all wage-and-hour claims, demands, rights, liabilities, costs,

1   penalties, interest, attorney's fees, and causes of action that Plaintiff and the other

2   Participating Class Members are releasing in exchange for the consideration

3   provided for by the Agreement, which are all claims in the Complaint, the PAGA

4   notice, and all claims that reasonably could have been pled arising out of similar

5   operative facts, conduct, and/or omissions including but not limited to claims for

6   (1) unpaid reimbursements; (2) wage statement violations (3) unpaid wages,

7   including minimum wages, regular wages, overtime and double overtime wages;

8   (4) failure to provide meal periods or meal period premiums; (5) failure to provide

9   rest periods or rest period premiums; (6) failure to timely pay all wages due upon

10   separation of employment; (7) failure to maintain and provide accurate records; (8)

11   unfair business practices premised on alleged violations of the California Labor

12   Code; (9) penalties under PAGA. The Released Claims do not cover or include (1)

13   claims for Workers' Compensation, (2) claims for unemployment or disability

14   payments, (3) claims for discrimination, retaliation or harassment under Title VII

15   or California's Fair Employment and Housing Act, (4) tort claims, or (5) any other

16   claims that cannot be released as a matter of law. The Released Claims for

17   Participating Class Members shall be released for the duration of the Class Period.

18   The Released Claims for the PAGA Group shall be released through the duration

19   of the PAGA Period. As of the Effective Date of Settlement, each Participating

20   Class Member shall be deemed to have fully, finally, and forever released,

21   relinquished, and discharged all Released Claims. In addition, each member of the

22   Settlement Class who cashes their settlement award check shall be deemed to have

23   fully and forever released claims under the Fair Labor Standards Act ("FLSA").

24   This waiver and release of claims shall be binding on Plaintiff and all Participating

25   Class Members, including each of their respective attorneys, agents, spouses,

26   executors, representatives, guardians ad litem, heirs, successors, and assigns, and

27   shall inure to the benefit of the Released Parties.

28

1        10.    One Class Member, Amber Maldonado, timely and validly opted out

2   of the Settlement.  This individual therefore is excluded from the Class and is not

3   bound by the Stipulation or this Judgment, except as to the release of claims

4   under PAGA.

5        11.    Without affecting the finality of this Judgment in any way, the Court

6   retains jurisdiction over: (1) implementation and enforcement of the Stipulation

7   pursuant to further orders of this Court until the final judgment contemplated

8   becomes effective and each and every act agreed to be performed by the parties

9   has been performed under the terms of the Stipulation; (2) any other action

10  necessary to conclude this settlement and to implement the Stipulation; and (3)

11  the enforcement, construction, and interpretation of the Stipulation.

12       12.    Neither this Judgment nor the Stipulation upon which it is based are

13  an admission or concession by any party of any fault, omission, liability or

14  wrongdoing.  This Judgment is not a finding of the validity or invalidity of any

15  claims in this action or a determination of any wrongdoing by any party, nor will

16  it constitute any opinion, position or determination of this Court as to the merits

17  of the claims or defenses of any party.

18       13.    Judgment is hereby entered as follows: Plaintiff Rodolfo Gutierrez

19  and the Participating Class Members, consisting of all individuals who worked for

20  Defendant International Paper Company in the State of California as non-exempt

21  employees during the Class Period of July 1, 2021 through August 11, 2023, shall

22  take nothing from International Paper Company except as provided in the

23  Stipulation.  The Court shall retain jurisdiction over the parties to interpret,

24  implement and enforce this Judgment.

25       14.    All claims asserted in this Action are DISMISSED WITH

26  PREJUDICE as to Plaintiff and the Class Members pursuant to the terms of the

27  Settlement Agreement. Each party shall bear his or its own costs and attorneys'

28  fees, except as provided in the Stipulation and as set forth above in this Judgment,

1    the Order Granting Motion for Final Approval of Class and Representative Action

2    Settlement (Docket No. 63), and the order granting Plaintiff's Motion for

3    Attorney's Fees and Costs (Docket No. 64).

4       IT IS SO ORDERED.

5

6    Dated: July 10, 2024                                                        

7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 51322792.1